UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20534-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VIVENS DELORME, et al.,

    Defendants.
    _____/

## ORDER AFTER DISCOVERY CONFERENCE AND HEARING ON PENDING DISCOVERY MOTIONS

Presently pending before the Court are Defendant Delorme's Motion For Disclosure of Codefendants' Post-Arrest Statements (DE # 271), Defendant Munnings' Motion For Disclosure of Co-Defendant's Post-Arrest Statements (DE # 272), and Defendant Munnings' Request For Early Disclosure of Jencks Act Material (DE # 279). These motions have been referred to the undersigned Magistrate Judge (DE # 282). On January 21, 2010, the undersigned held a hearing on these motions and a discovery conference. At the hearing, the undersigned issued an oral ruling as to all disputed matters . All rulings made orally at the hearing are incorporated into this Order and are also set forth in the Order.

    A. The Motions For Disclosure of Codefendants' Post-Arrest Statements

At the hearing, counsel for the government stated that the statement of Defendant Munnings has been produced to Defendants Munnings and Delorme, and that statements made by Defendant Delorme during debriefings would be produced to Defendants Munnings and Delorme. Counsel for the government also stated that he will search again to ascertain that all post-arrest statements by Defendants Munnings and

Delorme have been produced.

The undersigned noted that as Defendant Laing intended to plead guilty, that portion of Defendant Munnings' motion seeking all post-arrest statements of Defendant Laing was moot. The undersigned also reminded the government that all *Brady* material, including but not limited to any statements of Defendant Laing, had to be produced to Defendants Munnings and Delorme as soon as it was identified.

B. The Motion For Early Disclosure of Jencks Act Material

In its response and at the hearing, counsel for the government stated that one week prior to trial, on March 8, 2010, it would provide all Jencks Act material relating to testifying charged co-conspirators and to testifying law enforcement agents. Counsel for the government stated that all statements of other civilian witnesses would be provided as soon as the jury was sworn, and that none of those witnesses would be testifying on the first day of trial.

C. The Discovery Conference

At the hearing, counsel for the government stated that on January 11, 2010, he had informed that District Court that in his statement, Defendant Munnings had mentioned Defendant Delorme approximately 200 times. The government does not intend to redact this statement to eliminate references to Defendant Delorme. Counsel for the government then stated that the government's position was that Defendants Munnings and Delorme cannot be tried together before the same jury, although the government had not decided whether to request separate juries or separate trials. Both Defendant Delorme and Defendant Munnings also stated that they intended to file motions for severance by the January 29, 2010 deadline for filing motions.

Counsel for the government also stated that the government was reviewing

certain information to determine whether it fell within the scope of its *Brady* obligations, but that it could not, at this time: 1) describe the information; 2) state who would make the decision as to whether to turn over the information; or 3) whether the information would be submitted to the Court for *in camera* review. The undersigned then ordered the government, on or before January 29, 2010, to either file under seal any information on this material that they could file, or to disclose the information to defense counsel.

Munnings' counsel then raised concerns regarding the government's revised transcript of Munnings' statement, which he said differed greatly from the first transcript provided by the government. Counsel for the government offered to sit down with defense counsel and go over the transcripts and the DVD of the statement with him. Munnings' counsel asked to be allowed to listen to the original DVD, with Defendant Munnings present. The undersigned ordered that counsel for the government, prior to January 29, 2010, permit Defendant Munnings' counsel, in the presence of the government, to listen to the original DVD. The undersigned declined to require that Defendant Munnings be present, without prejudice to seek further relief if counsel could establish a basis for requiring Defendant Munnings' access to the original recording.

In response to Defendant Munnings' question as to whether all evidence of identification procedures had been produced, counsel for the government stated that there had been a six-photo lineup and an identification of Munnings, evidence of which had been previously provided, but that the evidence would be resent.

Defendant Munnings then noted that the government had just provided a DVD containing telephone records and other documents. Counsel for the government stated that the government had not provided defense counsel with an inventory of what documents were on the DVD, but that the DVD contained: phone records for "Killer

Boy"; other toll records; subscriber information; some cell site information; autopsy reports; crime scene reports and an additional copy of Defendant Munnings' post-arrest statement to the Miami-Dade Police Department.

With respect to the phone records, the government stated that it intended to introduce summary or demonstrative exhibits which analyze those call. Therefore, the government is ordered to provide those exhibits to defense counsel on or before January 28, 2010 at noon. In addition, the government advised the Court that it was providing draft transcripts of approximately ten to twenty prison calls which it intended to introduce into evidence, and that it would provide any summaries of the remaining calls which were in its possession. The recordings of these calls have been provided to defense counsel. The government is required to provide final transcripts to defense counsel on or before January 28, 2010 at noon if the government intends to introduce those transcripts as exhibits in its case-in-chief at trial.

The government also stated that it would provide to Defendants any undocketed letters from Defendant Munnings which were in its possession.

Therefore, based upon a review of the record as a whole, including the information conveyed at the discovery hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Delorme's Motion For Disclosure of Codefendants' Post-Arrest Statements (DE # 271), Defendant Munnings' Motion For Disclosure of Co-Defendant's Post-Arrest Statements (DE # 272), and Defendant Munnings' Request For Early Disclosure of Jencks Act Material (DE # 279), are

**GRANTED in part**, as stated in the body of the Order.

**DONE AND ORDERED** in chambers in Miami, Florida on January 22, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record