**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-20534-CR-UNGARO(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**VIVENS DELORME and**
**TRIMYKO MUNNINGS,**

       **Defendants.**
_____/

**UNITED STATES MOTION FOR PROTECTIVE ORDER**
**REGULATING DISCLOSURE OF DISCOVERY INFORMATION**

      The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above captioned matter. This sensitive information includes Grand Jury testimony, prior sworn statements of witnesses, and reports of agents containing summaries of witness statements. The government seeks protections that will not impede the defendants' ability to prepare for their defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials.

**INTRODUCTION AND RELIEF SOUGHT**

This defendants are alleged to have participated in a conspiracy to commit the murder of an informant working for the Federal Bureau of Investigation. This informant was instrumental in the arrest of Defendant Delorme, and the allegations are that Defendant Delorme paid money and recruited individuals, such as Defendant Munnings, to commit the murder of the informant. There are a number of witnesses who are anticipated at trial, including three of the defendants' co-conspirators. Many of these witnesses have provided statements to the investigative agencies, both sworn and summarized. In an effort to comply with the discovery obligations pursuant to Rule 16, *Brady* disclosures, the Court's Orders, and Jencks requirements, many of these prior statements and reports will be turned over to defense. Since the allegations involve the murder and conspiracy to murder a government witness, the government submits that a protective order is necessary to protect the government's witnesses for the upcoming trial. In an attempt to protect the sensitive information in the discovery materials, the government proposes the following restrictions be placed on the disclosure and use of the discovery materials in this case:

1. Counsel of record for each defendant shall hold the discovery materials in strict confidence, disclosing this information to their clients, office staff, investigators, and witnesses (including any experts) only to the extent they believe is necessary to assist in the defense of this matter.

2. Counsel of record for each defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3. Counsel of record for each defendant shall obtain a certification from each person to

whom the discovery materials are disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order and (b) agrees that he or she will not disclose or disseminate the information without the express consent of defense counsel.  Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such information was first disclosed.[1]

4.  The defendant may possess or inspect the Discovery only in the presence of their counsel, and may not retain the Discovery materials if counsel is not present.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).  In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1).  The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses").  Instead, the government only seeks to facilitate discovery, while protecting against the improper disclosure or use of the information to harass, intimidate, or harm any witness.  The proposed Protective Order, attached hereto as Exhibit A, would have no effect on the defendants' ability to prepare their defense and only would serve to

---

[1]  A proposed protective order is attached hereto as Exhibit A, and a proposed certification to be used is attached hereto as Exhibit B.

protect the witnesses.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

                                                    Respectfully submitted,

                                                  JEFFREY H. SLOMAN
                                                  UNITED STATES ATTORNEY

By:    S/ Brian Dobbins
        Brian Dobbins
        Assistant United States Attorney
        Court Id. Number A5501182
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel. (305) 961-9422
        Fax (305) 536-7213
        E-Mail: Brian.Dobbins@usdoj.gov

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that, on February 12, 2010, I electronically filed the foregoing document onto the Court's CM/ECF system.

S/ Brian Dobbins<br>
Brian Dobbins<br>
Assistant United States Attorney