

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                     Case No.: 07-20534-CR-UNGARO (s) (s)

VIVENS DELORME,

          Defendant.

_____/

## MOTION TO QUASH SUBPOENA DUCES TECUM AND/OR MOTION FOR PROTECTIVE ORDER

      COMES NOW third party, the Miami-Dade Police Department (MDPD), by and through its undersigned counsel, and hereby files its Motion to Quash Subpoena Duces Tecum and/or Motion for Protective Order, as to the Production of Documents, and in support thereof states as follows:

      1.    The MDPD was served with a Subpoena Duces Tecum for the production of documents contained in an "active" murder investigation, MDPD case no. 231990-D. Pursuant to Florida Statutes § 119.071(2)(c)1, the information requested is exempt from public records disclosure because it is an "active" criminal investigation and contains "active" criminal intelligence. Disclosure of information contained in the investigative file may compromise the arrest and prosecution of a suspect or subject.

      2.    Any information in the investigative file, released during the discovery phase of a prosecution, changes the status of the information, rendering the information a public record and no longer exempt under chapter 119, Florida Statues.

      3.    The subpoena is vague and lacks details.

      4.    The file being requested is that of an unrelated incident and contains no exculpatory information as prescribed in *Brady v. Maryland*, 373 U.S. 83 (1963).

      5.    The requesting party has not indicated the investigative file contains any relevant

or evidentiary information.  There is no credible assertion that any information contained in the file will be admissible at trial or relevant in any manner.

**MEMORANDUM OF LAW**

I.   PUBLIC RECORDS EXEMPTION – FLORIDA STATUTES CHAPTER 119:

"Active criminal intelligence information and active criminal investigative information are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution." § 119.071(c)1, Fla. Stat. (2009).  The file defense counsel is requesting, MDPD case no. 231990-D, is an open murder investigation.  Florida law exempts active criminal investigative and intelligence information from public disclosure because revealing such information may derail an arrest or prosecution.  "The word "active" shall have the following meaning: 1) Criminal intelligence information shall be considered "active" as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities; and 2) Criminal investigative information shall be considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future." §119.011,6(d), Fla. Stat. (2009).  The detective investigating MDPD case no. 231990-D is actively following leads and continues to gather information that may result in the arrest of the perpetrator.  Murder investigations are complex and in many cases tend to take longer to solve than other types of crimes.  There is no statute of limitations for felonies that result in a death.  § 775.15(1), Fla. Stat. (2009).

Information gathered during a homicide investigation such as crime scene information, forensic crime lab information, witness or suspect statements, etc. must be kept confidential in order to maintain the integrity of the case.  Any leaks or disclosure can lead to the subject obtaining details he or she can use to create an alibi, destroy evidence, tamper with witnesses, etc.  Disclosing any information from "active" homicide investigations impedes detectives' efforts to effect an arrest and may result in a grand jury's inability to indict, an acquittal, or a mistrial.

II.     DISCOVERY – FEDERAL RULES OF CRIMINAL PROCEDURE (RULE 17):

The Supreme Court has ruled that when applying Federal Rules of Criminal Procedure, Rule 17, in order to require production prior to trial, the moving party must show "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that failure to obtain such inspection may tend unreasonably to delay trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition'." *United States v. Nixon*, 418 U.S. 683 (1974).

Defense counsel has made no credible argument that any information contained in the MDPD case no. 231990-D file is relevant to the case at bar. Furthermore, if this court can find a showing of relevance, there has been no sufficient preliminary showing that the case file contains evidence admissible with respect to the offenses charged in the indictment. Counsel is attempting to link two cases which occurred 18 months apart.[1] No information from MDPD case no. 231990-D was used by detectives to solve the case at bar. If there was any relevant admissible evidence or any evidence found to be exculpatory, as prescribed in *Brady v. Maryland*, 373 U.S. 83 (1963), MDPD detectives along with the United States Attorney would have produced the relevant information, rather than risk the consequences of non-production.

In *Nixon*, the Supreme Court ruled that "the Special Prosecutor",[2] in order to carry his burden, must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *Nixon* at 700. Defense counsel in this case has not cleared any of the hurdles required for the disclosure of the file requested in his subpoena. In *United States v. Ruedlinger*, 172 F.R.D. 453 (1997), the court addressed the issue of specificity. "This requirement ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Id.* at 456. With regard to specificity, Defense counsel's theory appears to be that a .45 caliber handgun used in MDPD case 231990-D has some connection to the instant case. There is absolutely no evidence that the weapon in question was ever used in the instant case and as of this time, counsel has yet to show otherwise. The subpoena does not indicate what specific

---

[1] MDPD case no. 231990-D (May 6, 2005)
MDPD case no. PD061119597849 (November 19, 2006)

[2] The Special Prosecutor issued a subpoena for documents related to his investigation of seven defendants in the "Watergate" investigation. The subpoena was for tapes made by President Nixon who at the time had not been indicted and was a third party, as the MDPD appears in the instant case.

documents contained in the file would substantiate defense counsel's hypothesis. The subpoena in the instant case appears to be based on conjecture and speculation. "Conjecture and speculation will not provide the lift to carry a movant over the three hurdles." *Id.* at 457. "Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the seas otherwise undiscoverable material in the small hope that something beneficial might rise to the surface." *Id.* 455, 456. The subpoena for the production of the MDPD case no. 231990-D file appears to be the quintessential "fishing expedition".

Finally, the court should weigh the compelling government interest of maintaining the integrity of active investigations against producing information that defense counsel has not shown to be relevant, admissible, or exculpatory.

WHEREFORE, MDPD objects to the production of documents and moves for an Order quashing the Subpoena and/or entering a Protective Order protecting MDPD from producing the case file for MDPD case no. 231990-D.

William J. Monahan, Esquire
73 West Flagler Street, Suite 2201
Miami, Florida 33130
Tel: 305-349-7530
Fax: 305-349-7528
Fla. Bar No.: 145580

Benjamin Guerrero, Esquire
Miami-Dade Police Department
9105 N.W. 25 street, Suite 3042
Miami, FL 33172
Tel: (305) 471-2550
Fax: (305) 471-3113
Fla. Bar No.: 48076

Case no.: 07-20534-CR-UNGARO (s) (s)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail this Wednesday February 10, 2010 to: 1) Mr. Terence Lenamon, Counsel for the Defense, 100 N. Biscayne Blvd., New World Tower 21st Floor, Miami, FL 33132; 2) Eric M. Cohen, Counsel for the Defense, 2937 S.W. 27th Avenue, Suite 202, Miami, FL 33133; 3) Mr. Marques Christian, Assistant U.S. Attorney, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132.

Benjamin Guerrero, Esquire
Miami-Dade Police Department,
Police Legal Bureau

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             Case No.: 07-20534-CR-UNGARO (s) (s)

VIVENS DELORME,

        Defendant.

_____/

## ORDER

THIS CAUSE having come before the Court on the Miami-Dade Police Department's (MDPD) Motion to Quash Subpoena Duces Tecum and/or Motion for Protective Order, and the Court having considered the Motion, and the pertinent portions of the record, and is otherwise fully advised, it is hereby:

ORDERED AND ADJUDGED as follows:

The Miami-Dade Police Department's Motion to Quash Subpoena Duces Tecum and/or Motion For Protective Order is hereby GRANTED.

_____
_____
_____

DONE AND ORDERED in Chambers, at the United States District Court Southern District of Florida, on this _____ day of _____, 2010.

                                                            _____
                                                            Ursula Ungaro, District Judge