UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20534-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VIVENS DELORME, et al.,

    Defendants.
_____/

### ORDER GRANTING MOTION TO QUASH SUBPOENA DUCES TECUM

Presently pending before the Court is non-party Miami-Dade Police Department's (hereafter MDPD) Motion To Quash Subpoena Duces Tecum and/or Motion For Protective Order (DE # 333).  This motion is referred to the undersigned Magistrate Judge (DE # 338).  Pursuant to the undersigned's February 17, 2010 Order (DE # 340), Defendant Delorme has filed a response in opposition to the motion, which has attached a copy of the subpoena at issue (DE # 346), and the United States has also filed a response supporting the motion (DE # 347).  No reply has been filed, and none is necessary based upon the disposition of this matter.  The subpoena at issue is directed to the MDPD, and requests the investigative file in MDPD case no: 231990-D (DE # 346-2).  A hearing was held on March 3, 2010.  At the conclusion of the hearing, the undersigned Magistrate Judge granted the Motion to Quash, but ordered the Government to provide any exculpatory information contained in that file, or elsewhere, which tended to contradict the Government's theory that Defendant Delorme ordered the murder of the victim in this case, including evidence to show that somebody other than co-defendant Laing was in possession of the murder weapon, and that other persons had a motive to kill the decedent.  This Order incorporates by reference the reasons stated on the record, and

sets forth the oral rulings made at the hearing.

### I. BACKGROUND

Defendant Vivens Delorme is charged in a two-count Indictment with conspiracy to use interstate facilities to commit murder for hire and the substantive offense of using interstate facilities to commit murder for hire, in violation of 18 U.S.C. § 1958(a).  The Indictment contains special findings to support the imposition of the death penalty, although the government has made a decision that the death penalty will not be sought.  The victim of the alleged murder was a government witness against Delorme in a then-pending narcotics trafficking case.  The government's theory of the case is that Delorme arranged for the murder of the victim by arranging for other individuals to carry out the actual murder.  Among those contacted were co-defendant Munnings, and an unindicted co-conspirator, Tony Cherenfant, as well as co-defendant Joshua Laing who has entered a guilty plea and admitted that he shot the victim (DE # 308).

### I. The Parties' Positions

#### A. The Motion

Here, the MDPD seeks to quash Defendant Delorme's subpoena seeking the investigative file in MDPD homicide case no: 231990-D, on the grounds that: 1) that the information requested is exempt from public records disclosure, pursuant to Fla. Stat. § 119.071(20)(c)(1), because it is an active criminal investigation and contains active criminal intelligence; 2) the subpoena is vague and lacks details; 3) the incident which is the subject of the file is an unrelated incident and contains no exculpatory information; 4) Defendant Delorme has not indicated that the file contains any relevant information and has made no credible assertion that any information contained in the file will be admissible at trial or is relevant (DE # 333).

B.  <u>The United States' Response</u>

The United States has filed a memorandum in support of the MDPD's motion, stating that the subpoena at issue should be quashed because the May 6, 2005 murder which is the subject of the investigative file in MDPD case no: 231990-D was not committed with the gun used on November 19, 2006 to kill Mahmoud Elchami, the victim in the instant case.  The United States notes that the subpoena fails to mention whether any information in the subpoenaed file is relevant or is admissible at trial and fails to request any specific information (DE # 347).  The United States also states that *Brady v. Maryland*, 373 U.S. 83 (1963), is inapplicable because the United States lacks access to the investigative file and also lacks knowledge of its contents, which the subpoena seeks from a non-party, the MDPD (DE # 347).

C.  <u>Detective Delorme's Response</u>

Defendant Delorme opposes the motion, contending that MDPD case no: 231990-D is ballistically linked to the Elchami shooting.  Delorme contends that the investigative file for MDPD case no: 231990-D may provide exculpatory information identifying other individuals who had the motive to kill Mr. Elchami and access to the weapon used to kill Mr. Elchami (DE # 346 at 1-2).  Specifically, Delorme states that he is charged with killing Mr. Elchami, and that Mr. Elchami was killed with a 9mm weapon.  The 9mm weapon that killed Mr. Elchami was used along with a .45 caliber gun in a November 28, 2004 North Miami case, MDPD case no. 634282-C (DE # 346-3 at 1).  Delorme contends that the .45 caliber gun used in the North Miami case is directly linked with the .45 caliber gun used in MDPD case no: 231990-D (DE # 346 at 3, 4).  Delorme concedes that the .45 caliber gun used in MDPD case no: 231990-D was not used in the murder of Mr. Elchami, but contends that the individuals associated with the .45 caliber gun are also associated

-3-

with the Elchami murder weapon, and the individuals mentioned in MDPD case no: 231990-D must be investigated for motives to kill Mr. Elchami (DE # 346 at 3-4).

Defendant Delorme states that his subpoena was as specific as possible without enumerating the standard documents included in a police investigative file, and is believed in good faith to include interviews with suspects and persons of interest (DE # 346 at 5). Finally, Delorme contends that Fla. Stat. § 119.071(20)(c)(1) is not applicable because he is not making a public records request, but is making a discovery request in a criminal case (DE # 346 at 5-8).

### D. The Hearing

At the hearing, the Government stated that it had received the investigative file at issue from MDPD, that the file had been reviewed, and that there was no exculpatory information contained in the file. The Government specifically stated that neither the 9 mm pistol nor the other case in which both the 9 mm pistol and .45 caliber gun were used, were mentioned in the file, other than in the ballistics report referred to above. In addition, the Government asserted that Tony Cherenfant, whom the defense posited as an alternative suspect, was not mentioned in that file. Based upon a further specific *Brady* request by defense counsel during the hearing, the Government agreed to determine whether the two women named Cherenfant who were the victims of an assault allegedly committed by Trevon Russell, are relatives of Tony Cherenfant. The defense explained that Trevon Russell was the target of an alleged shooting incident which involved both the 9 mm pistol used in the case at bar, and the .45 caliber gun which was used in the homicide which is the subject of the MDPD investigative file at issue here.

Despite the above disclosures, defense counsel maintained that the MDPD file should be produced to him for review so that he could determine whether there were any

leads that could be gleaned which would be helpful to the defense. In the alternative, he requested the Court to conduct its own review for *Brady* material rather than relying on the Government's review.

## II. The Applicable Law

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in a criminal case. A subpoena under this rule may require a witness to appear at trial, and to produce, before trial, any relevant documents that may be introduced at trial. The standards governing production before trial were set forth by the United States Supreme Court in *United States v. Nixon,* 418 U.S. 683, 699-700 (1974):

> [T]he moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise reasonably procurable in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Rule 17(b) governs the issuance of subpoenas where a defendant is unable to pay the witness fees. This rule permits an indigent defendant, such as Defendant Delorme in the case at bar, to file an ex parte application with the court, and expressly provides that the court must order that such a subpoena be issued "if the defendant shows ... the necessity of the witness's presence for an adequate defense." The Eleventh Circuit has set forth the following guidelines to be used in determining whether to grant an indigent defendant's request for a subpoena under this rule:

> As a threshold matter, a defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony. In exercising its discretion, the court may consider other factors pertaining to the prospective witnesses' testimony as well, including materiality, competency and the timeliness of the request. The appellate courts have upheld the refusal of

> district courts to issue a Rule 17(b) subpoena where the request was untimely, the testimony sought was cumulative, or the defendant failed to make a satisfactory showing of indigency or *necessity*.

*United States v. Link*, 921 F.2d 1523, 1528 (11th Cir. 1991), *quoting United States v. Rinchack*, 820 F.2d 1557 (11th Cir. 1987) (internal citations omitted). Thus, such requests are not automatically granted.

   III. Analysis

The MDPD's motion to quash is granted. Defendant Delorme has not shown any connection between the November 19, 2006 murder of Mr. Elchami, with which he is charged, and the May 6, 2005 murder which is the subject of the investigative file in MDPD case no: 231990-D. A .45 caliber weapon was used in the May 6, 2005 murder which is the subject of the investigative file in MDPD case no: 231990-D. A 9mm weapon was used to kill Mr. Elchami on November 19, 2006. Thus, the murder weapons do not connect the two cases. Furthermore, Delorme has provided no evidence or reason to believe that there is any connection between the May 6, 2005 murder and the November 19, 2006 murder of Mr. Elchami. Delorme attempts to connect the two shootings by going back two years before the murder of Mr. Elchami to a shooting which took place in November 2004 in North Miami. Both the 9mm weapon which was used to kill Mr. Elchami and the .45 caliber weapon which was used in the May 6, 2005 incident were involved in the November 2004 incident (DE # 346-3). This fact, without more, does not connect the May 6, 2005 shooting with the November 19, 2006 murder of Mr. Elchami. There is no showing that the documents contained in the file at issue would be relevant or admissible in evidence in the case at bar. Moreover the Government has reviewed the investigative file at issue, and determined that there is no exculpatory information

contained in that file, as set forth above.

At the hearing, Defense counsel argued vehemently that he should be permitted to examine this open investigative file of the homicide in order to determine whether there are any leads which he could pursue which might lead to exculpatory or impeachment information.  However, there is no general right to discovery in federal criminal cases, and he has failed to cite any authority which supports his request.

However, to the extent that his request puts the Government on notice of a specific *Brady* request, the Court has ordered the Government to review this file, as well as any other information in its possession, and produce any evidence which tends to impeach the statements of its witnesses regarding how the murder in the case at bar occurred, including evidence that the 9mm gun was in the possession of somebody other than Joshua Laing prior to the murder, and that other persons had a motive to kill the victim in this case.  In addition, as stated above and at the hearing, the Government has agreed to determine, if it can, whether Tony Cherenfant is related to the two Cherenfant women who were the victims of an assault by Trevon Russell.

Therefore, based upon a review of the record as a whole, and for the reasons stated at the hearing and above, it is hereby

**ORDERED AND ADJUDGED** that the Miami-Dade Police Department's Motion To Quash Subpoena Duces Tecum and/or Motion For Protective Order (DE # 333), is **GRANTED**.  Defendant Delorme's subpoena to the Miami-Dade Police Department for the investigative file in MDPD case no: 231990-D is **QUASHED**.

However, based upon its access to this file, the Government shall produce any

*Brady* information contained in the file.

**DONE AND ORDERED** in chambers in Miami, Florida on March 4, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record